**In re Ronald F. HORTON, Debtor.**

**Ronald F. HORTON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy Nos. 84–21099, 86–2122A.**

United States Bankruptcy Court,
W.D. New York.

May 16, 1988.

Daniel F. Brown, U.S. Dept. of Justice, Tax Div., Washington, D.C., for IRS.

Stefan Epstein, Rochester, N.Y., for debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This case was commenced by the filing of a voluntary petition in Chapter 13 on October 1, 1984. On October 28, 1986, the Debtor, Ronald Horton, initiated this proceeding against the Internal Revenue Service ("IRS") to determine 1) the dependents for whom he was entitled to declare federal tax exemptions during the years 1982 through 1986 inclusive; and 2) whether during tax years 1982 and 1983 he was eligible for "married, filing jointly" tax status with his then estranged spouse, Lula Mae Horton. Confirmation, if possible, of a Chapter 13 Plan pends the outcome of these matters. Following are the material facts as stipulated.

The Debtor and Lula Mae Horton were married on November 14, 1971. On October 31, 1978, they ceased cohabiting and have remained apart since. On February 14, 1984, the Debtor and Lula Mae Horton entered into a separation agreement which was incorporated into a final decree of divorce on June 6, 1984.

Patricia Horton is the Debtor's current spouse. She and the Debtor have cohabited since March, 1980. They were married in 1984, subsequent to finalization of the Debtor's divorce from Lula Mae Horton. For the years 1984, 1985 and 1986, the Debtor and Patricia Horton filed joint income tax returns. For the years 1982 and 1983, the Debtor filed what he asserts to be joint income tax returns with his then estranged spouse, Lula Mae Horton. The latter, however, in response to an IRS letter of inquiry, denied filing or signing joint returns with the Debtor for the years in question. Prior to trial, the parties reached agreement regarding the dependents for whom the Debtor was entitled to declare federal tax exemptions for years 1982 through 1986. Thus, the only issue of fact tried before the Court on April 21, 1988, was whether Lula Mae Horton signed and intended to file joint returns with the Debtor for the tax years 1982 and 1983, as would entitle the Debtor to "married, filing jointly" status.

Pursuant to 26 U.S.C. § 6013, a husband and wife may elect to file a joint federal income tax return. By so filing, they are entitled to be taxed at "married, filing jointly" rates. 26 U.S.C. § 1(a). The "married, filing jointly" rates are lower than the rates established for individuals otherwise circumstanced. If the Debtor is found not to have been entitled to "married, filed jointly" status, then he will be susceptible

to additional tax liability for the years 1982 and 1983 of approximately $6,750.00.

Whether income tax returns are joint returns is a question of fact to be determined on the basis of the taxpayer's intentions. *O'Connor v. C.I.R.*, 412 F.2d 304, 309 (2nd Cir.1969). In this case, copies of the Debtor's 1982 and 1983 tax returns were offered into evidence. Exhibits 15 and 16. The returns purportedly bear the signature of Lula Mae Horton. Under § 6064 of the Tax Code, "[t]he fact that an individual's name is signed to a return ... shall be prima facie evidence for all purposes that the return ... was actually signed by him." 26 U.S.C. § 6064; *United States v. Mangan*, 575 F.2d 32, 41 (2nd Cir.1978). Ms. Horton denies having signed the returns, however, and pursuant to 28 U.S.C. § 1731 exemplars of her signature were offered into evidence to disprove the authenticity of the signatures on the returns. Exhibit 18. Expert testimony was not offered on the issue of authenticity and the Court cannot conclude based on its comparison between the exemplars and the impugned signatures that the latter were inauthentic. Further, in correspondence between Lula Mae Horton and the IRS, Ms. Horton stated that she "had no knowledge that [the Debtor] was still filing jointly until 1982." Exhibit 17. By this, the Court infers that during 1982 and 1983 Ms. Horton did have knowledge of the Debtor's practice of filing jointly, presumably because she had acquiesced in it. The latter conclusion is buttressed by the fact that Ms. Horton neither worked nor filed returns of her own for the tax years 1982 and 1983. Transcript p. 13. Finally, the testimony of Ms. Horton has been cast in doubt. It is uncontroverted that Ms. Horton gave birth to a child by the Debtor in December of 1984. Transcript pp. 9–10. Ms. Horton testified emphatically, however, that during 1984 she and the Debtor had refrained from sexual relations. Transcript p. 10. The fallacy is patent and goes to the credibility of the witness.

It is law that a taxpayer must show that he comes within the terms of a statute from which he seeks to benefit, as here, where a reduction of tax liability was sought. *New Colonial Ice Co., Inc. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790–91, 78 L.Ed. 1348, 1352 (1934). The criteria for eligibility to file a joint return are prescribed by section 6013(a) of the Tax Code which states:

> **§ 6013. Joint returns of income tax by husband and wife.**
>
> (a) Joint returns. A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions,....

26 U.S.C. § 6013.

None of the exceptions to the general rule permitting the filing of joint returns by a husband and wife have been raised by the IRS or are applicable in the case at bar. Accordingly, the Debtor has sustained the burden of showing eligibility for "married, filing jointly" status. The 1982 and 1983 returns, having the Debtor and his erstwhile spouse as signatories, are prima facie evidence of their filing jointly. Evidence offered to the contrary being unpersuasive, the Court concludes that the Debtor and Lula Mae Horton, being eligible to do so, filed joint returns during the years in question and it is so ordered.